## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**SUSAN A. RAMSEY a/k/a SUSAN A. HUNTER d/b/a LITTLE RASCALS EARLY CARE AND EDUCATION**,

      Defendant.

Civil Action No. 7:13-CV-34 (HL)

## ORDER

This case is before the Court on the United States' Motion for Permanent Injunction by Default (Doc. 6). On March 21, 2013, the United States filed a complaint against Defendant Susan A. Ramsey a/k/a Susan A. Hunter d/b/a Little Rascals Early Care and Education, alleging violations of internal revenue laws and seeking to permanently enjoin Defendant from violating these laws. Defendant was personally served with summons and a copy of the complaint on March 26, 2013. After Defendant failed to answer or otherwise respond to the complaint, the Clerk of Court entered default on June 24, 2013. Upon consideration of the complaint, the motion, and the relevant legal authorities, the Motion for Permanent Injunction by Default (Doc. 6) is granted.

## I.    LEGAL STANDARD

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default. *See* Fed.R.Civ.P. 55(a). The United States has satisfied this requirement. After entry of default, the United States is required to seek default judgment from the Court. Fed.R.Civ.P. 55(b)(2). ("[T]he party entitled to a judgment by default shall apply to the court therefor.")

The mere entry of default by the Clerk does not in itself warrant default judgment by the Court. Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the Court must find that there is a "sufficient basis in the pleadings for the judgment to be entered." Id. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. Id. The Clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See* Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See* Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (citing Nishimatsu, 515 F.2d at 1206). In considering any default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages. *See* Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353 (S.D. Ga. 2004). This Court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

## II.    FACTS[1]

Employers are required by law to withhold federal income taxes and Federal Insurance Contributions Act ("FICA") taxes from their employees' wages and pay those withholdings to the IRS, in addition to paying their own FICA taxes and Federal Unemployment Tax Act ("FUTA") taxes (collectively referred to as "employment taxes"). 26 U.S.C. §§ 3102, 3111, 3301, and 3402. (Compl. ¶ 8; Doc. 1, p. 2). Employers are required by law to periodically deposit these employment taxes in an appropriate federal deposit bank in accordance with federal regulations. 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, 31.6302(c)-3. (Compl. ¶ 9; Doc. 1, p. 2). Employers are also required to file Employer's Quarterly Federal Tax Returns ("IRS Forms 941") and annual FUTA Tax Returns ("IRS Forms 940") (collectively referred to a "employment tax returns") reporting such taxes to the IRS. 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1. (Compl. ¶ 10; Doc. 1, p. 3).

Defendant, as an employer, must comply with these requirements. (Compl. ¶¶ 8-10; Doc. 1, pp. 2-3). Defendant owns and operates Little Rascals Early Care and Education as a sole proprietorship. (Compl. ¶ 7; Doc. 1, p. 2). In January of 2008, IRS Revenue Officer C. Kincaid contacted Defendant because no employment tax returns for the years 2005, 2006, and 2007 had been filed.

---

[1] The Court finds that the following allegations in the complaint have been admitted by Defendant.

(Compl. ¶ 11; Doc. 1, p. 3; Declaration of Debra Christmas, ¶ 3). Between January and April of 2008, Defendant provided the IRS Revenue Officer with some of the delinquent returns. For the fourth quarter of 2005 and the first two quarters of 2006, Defendant did not file a voluntary return until after Revenue Officer Kincaid calculated Defendant's Form 941 liabilities pursuant to 26 U.S.C. § 6020(b). Defendant did not remit full payment of any of these tax liabilities. (Christmas Decl. ¶ 4).

On April 1, 2008, Revenue Officer Kincaid provided Defendant with a Notice of Intent to Levy, which informed Defendant that the IRS intended to collect her outstanding liability for employment taxes for the first quarter of 2005 by an administrative seizure. (Compl. ¶ 13; Doc. 1, p. 3).

Through levies issued from 2008 through 2010, the IRS fully collected Defendant's Form 941 liabilities for the first and second quarters of 2005. (Compl. ¶ 14; Doc. 1, p. 3). Defendant has not, however, satisfied her employment tax liabilities for the third and fourth quarters of 2005 and all quarters of 2006 and 2007, in addition to later periods discussed *infra*. (Compl. ¶ 15; Doc. 1, p. 3).

Defendant made some deposits and/or payments of her employment tax liability for the first quarter of 2009, but did not fully pay the liability until November 11, 2010. That was the only quarter out of the 28 completed quarters

from 2005 through the fourth quarter of 2011 in which Defendant properly fulfilled her legal tax obligations as an employer. (Compl. ¶ 17; Doc. 1, p. 4; Christmas Decl. ¶¶ 10, 20).

In May of 2009, Defendant's outstanding employment tax liabilities were placed in "currently not collectible" status, which prevents collection on the liabilities. That was done to allow Defendant to comply with her ongoing obligations to file and pay her accruing employment tax liabilities. (Compl. ¶ 16; Doc. 1, p. 4; Christmas Decl. ¶ 11).

Defendant has not filed a Form 941 for any quarter from the second quarter of 2009 to the date the complaint was filed. (Compl. ¶ 18; Doc. 1, p. 4). As a result of Defendant's failure to file Forms 941, the IRS determined Defendant's liability for the last three quarters of 2009 and all periods of 2010 and 2011 under the procedures provided for by 26 U.S.C. § 6020(b). (Compl. ¶ 19; Doc. 1, p. 4).[2] Defendant also failed to file a Form 940 or pay the balance due for the years 2005, 2007, 2008, 2009,  2010, and 2011. (Compl. ¶ 20; Doc. 1, p. 4; Christmas Decl. ¶ 15).[3]

---

[2] The total amount of Defendant's delinquent Form 941 tax liabilities as of March 14, 2013 is $336,634.56, including penalties and interest. (App. to Compl.; Doc. 1, p. 9).

[3] The total amount of Defendant's delinquent Form 940 tax liabilities as of March 14, 2013 is $22,276.10, including penalties and interest. (App. to Compl.; Doc. 1, p. 9).

The last payment applied to Defendant's account resulted from an administrative seizure on or about February 14, 2011. (Compl. ¶ 21; Doc. 1, p. 4). Defendant has not made any voluntary tax payments in the two years preceding the filing of the complaint. (Compl. ¶ 22; Doc. 1, p. 4).

Defendant did not timely file W-2 forms for her employees in 2007, 2008, and 2009. Monetary penalties were assessed against her as a result. (Compl. ¶ 23; Doc. 1, pp. 4-5).[4]

As of March 14, 2013, the total amount of Defendant's delinquent tax liabilities is $403,301.25, including penalties and interest. (App. to Compl.; Doc. 1, p. 9). Debra Christmas, an IRS Revenue Officer, has testified that Defendant's known income and assets are not sufficient to satisfy the employment tax liabilities she currently owes. (Christmas Decl. ¶ 22).

Based on the foregoing, the United States now seeks to permanently enjoin Defendant from (1) failing to pay over to the IRS federal taxes withheld from employee wages; (2) failing to make timely federal employment and unemployment tax deposits and payments to the IRS; and (3) failing to timely file federal employment and unemployment tax returns.

---

[4] The total amount of the penalties assessed against Defendant for failing to file W-2 Forms as of March 14, 2013 is $44,390.59. (App. to Compl.; Doc. 1, p. 9).

## III.   DISCUSSION

26 U.S.C. § 7402(a) authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a); United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984). In the Eleventh Circuit, "the decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy." Id. at 1301. The United States contends that it has met both the "necessary and appropriate" standard and the traditional equitable factors necessary to obtain injunctive relief.

The Court finds that the United States has shown that a permanent injunction is necessary or appropriate for the enforcement of internal revenue laws. Defendant's conduct has resulted in significant and increasing financial loss to the United States. Defendant has a long history of failing to meet her tax obligations as an employer. Defendant appears to not have any assets or other source of collection which could satisfy her tax liabilities; therefore, allowing her to continue to fail to pay her obligations will further compound the United States' loss.

As for the traditional equitable factors, a plaintiff seeking a permanent injunction must show the following: (1) an irreparable injury; (2) the remedies available at law, including monetary damages, are inadequate to compensate for

that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1208 (citation omitted). The United States has met its burden with respect to this test.

First, Defendant's violation of the internal revenue laws has caused the United States to suffer irreparable harm. When an employer fails to pay its employment taxes, the United States loses not only the employer's FICA and FUTA tax contributions, but also the employees' FICA and federal income tax payments. The IRS must credit the funds an employer withholds against the employees' individual income tax liabilities, regardless of whether the employer actually pays those funds over to the IRS. 26 U.S.C. § 31(a); Treas. Reg. § 1.31-1(a). Further, Defendant's delinquent taxes continue to accrue and are currently unknown, as she has not filed any tax returns for 2012 and no assessments have been made. According to Revenue Officer Christmas, Defendant continues to conduct business (Christmas Decl. ¶ 23), and unless enjoined, Defendant will continue to deprive the United States of tax revenue.

Second, the United States lacks an adequate legal remedy to address the injuries Defendant has caused. Since 2005, Defendant has either failed to pay taxes altogether or failed to pay them in a timely manner, despite the IRS's

continued efforts to bring Defendant into compliance with the law. Presently, the IRS is unable to collect the remainder of Defendant's outstanding tax liabilities, and probably will never recover it. Consequently, a monetary remedy is not available.

In addition, without injunctive relief, the IRS must continue the never-ending cycle of expending resources to determine Defendant's tax liability and to collect past-due taxes. An injunction would allow the IRS to compel Defendant to satisfy her legal obligations. The United States has demonstrated that it lacks an adequate legal remedy to address its injury.

Third, the balance of hardships undoubtedly weighs in favor of granting the requested injunctive relief. The injunction would not impose any new or extraordinary requirements on Defendant. Instead it would simply require her to adhere to her existing legal obligations to pay taxes. Further, compliance with the injunction would allow Defendant to avoid accruing penalties or interest on her future tax liabilities. The IRS has spent years and untold resources trying to bring Defendant into compliance and collect on the tax obligations owed. Based on the history provided in the complaint, the Court does not doubt the United States' belief that Defendant will continue to operate her business without paying her tax obligations.

Finally, the public interest will not be disserved by an injunction. It is in the public's interest that those who owe taxes are required to pay. Without an injunction, Defendant will have an unfair advantage over her competitors who do in fact pay their taxes. The issuance of an injunction will show that the United States does not tolerate the sort of behavior engaged in by Defendant, and that in turn will hopefully encourage others to abide by the law.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that a permanent injunction is warranted in this case. The United States' Motion for Permanent Injunction by Default (Doc. 6) is granted. The Clerk of Court is directed to send a copy of this Order to Defendant by Certified Mail at the address where service was obtained on Defendant.

The following injunctive relief is ordered:

1.   Susan Ramsey and her representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with her, are enjoined from failing to withhold and pay over to the IRS all employment taxes, including federal income and FICA taxes, required by law;

2.      Susan Ramsey shall deposit withheld income and FICA taxes, as well as Little Rascals' share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

3.      Susan Ramsey shall deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

4.      For a period of five years, Susan Ramsey and those individuals at Little Rascals who are responsible for carrying out the duties established under paragraphs 2 and 3, shall sign and deliver affidavits to IRS Revenue Officer Debra Christmas, at 435 Second Street, Suite 340, Macon, Georgia 31201, or to such other specific location as the IRS may specify, on the first day of each month, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

5.      Susan Ramsey shall timely file all employment tax returns with IRS Revenue Officer Debra Christmas, at 435 Second Street, Suite 340, Macon, Georgia 31201, or to such other specific location as the IRS may specify;

6.      Susan Ramsey shall timely pay all required outstanding liabilities due on each tax return required to be filed;

7.      Susan Ramsey and her representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with her, in the event all required outstanding liabilities

11

due on each tax return required to be filed going forward from the date of the injunction are not timely paid, are enjoined from assigning any property or rights to property or making any disbursements before paying the delinquent federal employment and unemployment taxes due for a given payroll period;

8.     Susan Ramsey shall notify IRS Revenue Officer Debra Christmas, or such other person as the IRS may specify, of her future employment tax conduct with respect to any new or presently unknown company, and Susan Ramsey shall notify IRS Revenue Officer Debra Christmas, or such other person as the IRS directs, in the future of any new company she may come to own, manage, or work for in the next five years;

9.     Susan Ramsey shall deliver to all of her current employees, and any former employees employed at any time since January 1, 2009, a copy of this entire Order, which encompasses the Court's findings and the permanent injunction;

10.    Susan Ramsey shall post and keep posted for five years in one or more conspicuous spaces on her business premises where notices to employees are customarily posted, a copy of this entire Order, which encompasses the Court's findings and the permanent injunction; and

11.    Susan Ramsey shall provide a signed, sworn statement that she has complied with paragraphs 9 and 10 of this Order to Gregory L. Jones, P.O. Box

14198, Ben Franklin Station, Washington, DC 20044, no later than September 6, 2013.

The Court retains jurisdiction over this case to ensure compliance with this injunction, including authority to punish any violation as contempt of court.

**SO ORDERED**, this the 21st day of August, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh